1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

PAMELA TOWNSEND,

NO.  C15-758-RSM-JPD

9

Plaintiff,

10

v.

REPORT AND
RECOMMENDATION

11

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12

Defendant.

13

14       Plaintiff Pamela Townsend appeals the final decision of the Commissioner of the Social

15    Security Administration ("Commissioner") that denied her applications for Disability

16    Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

17    of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

18    administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that

19    the Commissioner's decision be REVERSED and REMANDED for further administrative

20    proceedings.

21                        I.        FACTS AND PROCEDURAL HISTORY

22       Plaintiff is a 57-year-old woman with a college degree and additional training as a

23    notary.  Administrative Record ("AR") at 51, 53, 253.  Her past work experience includes

24

employment as a mortgage originator, office assistant, sales manager, and waitress.  AR at 253, 268-72.  Plaintiff was last gainfully employed in October 2007.  AR at 268.

In April 2012 and April 2013, respectively, Plaintiff filed applications for SSI and DIB, alleging an onset date of December 31, 2007.[1]  AR at 226-32, 244-47.  Plaintiff asserts that she is disabled due to coronary artery disease, diabetes, panic anxiety disorder, sarcoid tissue disease, joint inflammation, gastrointestinal issues, and sleep apnea.  AR at 252, 276-77.

The Commissioner denied Plaintiff's claims initially and on reconsideration.  AR at 158-61, 165-68.  Plaintiff requested a hearing, which took place on August 26, 2013.  AR at 41-99.  On November 18, 2013, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform her past relevant work.  AR at 9-20.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-5, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On May 14, 2015, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1, 3.

## II.      JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.      STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

---

[1] The ALJ noted that Plaintiff's prior denial of benefits was affirmed by the U.S. District Court and is now administratively final, and thus earliest Plaintiff could be entitled to benefits (for purposes of her DIB application) was November 22, 2011.  AR at 9.

REPORT AND RECOMMENDATION - 2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    EVALUATING DISABILITY

As the claimant, Ms. Townsend bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at

any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

1    claimant is unable to perform other work, then the claimant is found disabled and benefits may

2    be awarded.

3                                        V.       DECISION BELOW

4            On November 18, 2013, the ALJ issued a decision finding the following:

5            1.      The claimant meets the insured status requirements of the Act through
                     March 31, 2012.

6
7            2.      The claimant has not engaged in substantial gainful activity since
                     November 22, 2011, the beginning of the period adjudicated herein.

8            3.      The claimant's L4-5 disc desiccation and mild protrusion; diabetes
                     mellitus; asthma; coronary artery disease; right ureteropelvic junction
9                    obstruction; right hydronephrosis; status post ureteral stent; left thigh
                     meralgia paresthetica; sarcoidosis; depressive disorder; anxiety
10                   disorder are severe.

11           4.      The claimant does not have an impairment or combination of
                     impairments that meets or medically equals the severity of one of the
12                   listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

13           5.      The claimant has the RFC to perform less than the full range of
                     sedentary work.  Specifically, the claimant can lift, carry, push, and
14                   pull up to 10 pounds frequently, stand and walk for about 2 hours, and
                     sit for about 6 hours in an 8-hour workday with normal breaks.  The
15                   claimant can never climb ladders, ropes, or scaffolds.  The claimant
                     can occasionally climb ramps and stairs, kneel, crouch, and crawl, and
16                   can frequently balance and stoop.  The claimant can perform work in
                     which concentrated exposure to extreme cold, vibration, fumes, odors,
17                   dusts, gases, poor ventilation, and/or hazards is not present.  In order
                     to meet ordinary and reasonable employer expectations regarding
18                   attendance and punctuality, the claimant can perform work that
                     permits a break every two hours.  The claimant can perform work with
19                   occasional work setting change.

             6.      The claimant is capable of performing past relevant work as a
20                   mortgage loan officer and a receptionist.

21           7.      The claimant has not been under a disability, as defined in the Act,
                     from November 22, 2011, through the date of this decision.
22
     AR at 11-19.
23

24

VI.     ISSUE ON APPEAL

The principal issue on appeal is whether the ALJ erred in assessing certain medical opinions.  Dkt. 12 at 1.

VII.     DISCUSSION

Plaintiff argues that the ALJ erred in discounting the opinions of treating rheumatologist Peter Mohai, M.D., and consultative examiner Hayden Hamilton, M.D. Plaintiff argues that the ALJ erred in discounting those opinions, but crediting the opinions of non-examining State agency consultants.

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

A.   Dr. Mohai

Dr. Mohai completed a checkbox form opinion in August 2013, indicating that Plaintiff could not sit, stand, or walk long enough to complete an eight-hour workday, and that she also had limitations as to pushing, pulling, postural activities, reaching, handling, and environmental conditions. AR at 740-43. The ALJ discounted this opinion to be "unsubstantiated by his treatment notes[,]" and also noted that Dr. Mohai's treatment records indicated "some degree of improvement occurred with methotrexate[.]" AR at 18.

Plaintiff does not present any specific challenge to the ALJ's primary reason to discount Dr. Mohai's opinion, that the opinion was unsubstantiated by treatment notes. *See* Dkt. 12 at 3-5. This is a legitimate reason to discount Dr. Mohai's opinion, particularly

because the opinion is a checkbox form opinion without citation to any objective findings that specifically support the noted limitations. *See*, *e.g.*, *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (a treating physician's opinions may be discounted when it is "in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of [the claimant's condition], and was based on [the claimant's] subjective descriptions of pain[,]" as well as when that opinion is "conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings").

Plaintiff's challenge to the ALJ's assessment of Dr. Mohai's opinion focuses on the ALJ's secondary finding, that Dr. Mohai's opinion was contradicted by indications in the record showing that Plaintiff improved with methotrexate. Dkt. 12 at 3-5. Even if Plaintiff is correct that the portions of the record (AR at 594, 672, 675) cited by the ALJ as support for that proposition do not demonstrate significant improvement with methotrexate, this rationale would be harmless error in light of the ALJ's other valid reason to discount Dr. Mohai's opinion. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

B.    Dr. Hamilton

Dr. Hamilton examined Plaintiff in July 2012, and concluded that *inter alia* she was limited to standing/walking less than two hours per eight-hour workday, and sitting six hours per eight-hour workday. AR at 321-22. Dr. Hamilton explained that the standing/walking limitation was based on Plaintiff's "coronary artery disease and shortness of breath with minimal activity, facet joint pain, sarcoidosis." AR at 321.

The ALJ credited most of Dr. Hamilton's opinion, but rejected the opinion that Plaintiff was limited to less than two hours of standing/walking because that portion is "unsubstantiated by objective evidence. For example, the claimant showed no problem with ambulation and had

no motor strength deficits in the lower extremities." AR at 17.  The ALJ does not

acknowledge Dr. Hamilton's explanation for that limitation, however, or explain why Dr.

Hamilton's provided reasoning is inadequate.  Dr. Hamilton did note that Plaintiff could

ambulate from the office lobby to the examination room without difficulty, but that does not

contradict a finding that Plaintiff could only stand/walk for a total of less than two hours in a

workday.  AR at 320.  The ALJ did not provide a legitimate reason to discount Dr. Hamilton's

opinion as to Plaintiff's standing/walking abilities.  On remand, the ALJ shall reconsider Dr.

Hamilton's opinion and either credit it, or provide specific, legitimate reasons to discount it.

C.    State Agency Consultants

Plaintiff acknowledges that the ALJ may credit a State agency consultant's opinion

over a treating provider's opinion, if the ALJ provides specific, legitimate reasons to do so.

Dkt. 12 at 7.  Whether the ALJ did so is addressed in the previous subsections, *supra*, and need

not be reiterated in a separate section.  Because Plaintiff has failed to identify a specific error in

the ALJ's assessment of the State agency consultant opinions, her challenge to that assessment

fails.

VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and

REMANDED to the Commissioner for further proceedings not inconsistent with the Court's

instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk

and served upon all parties to this suit by no later than **January 26, 2016**.  Failure to file

objections within the specified time may affect your right to appeal.  Objections should be

noted for consideration on the District Judge's motion calendar for the third Friday after they

are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

1   objections.  If no timely objections are filed, the matter will be ready for consideration by the

2   District Judge on **January 29, 2016**.

3          This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

4   seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

5   assigned District Judge acts on this Report and Recommendation.

6          DATED this 12th day of January, 2016.

7

8   _____
    JAMES P. DONOHUE

9   Chief United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 10